**THRIFT CABS, INC., a corporation, v. POLLY OWENS**

22 So. (2nd) 259
May 25, 1945

January Term, 1945
Division A

*John E. Mathews,* for appellant.

*Katz & Katz,* for appellee.

BUFORD, J.:

This is a suit by a widow for wrongful death of her husband. The injury and death occurred on the 10th day of January, 1944.

The only questions presented on this appeal are (a) whether or not there is sufficient evidence of the earning capacity of the deceased to constitute a basis for determining damages, and (b) whether or not judgment is excessive.

The deceased was 59 years of age and had a life expectancy of 14.74 years. The widow was 56 years of age and had a life expectancy of 16.72 years. Deceased and plaintiff had been married and continuously lived together since 1918. Deceased had worked for his then employer for more than 20 years. He worked regularly and satisfactorily. He started to work with Jacksonville Terminal Company in 1922 as a common laborer. At the time of his death and for more than a year prior thereto he was a boilermaker's helper, blacksmith's helper and machinist's helper and was very competent as such. His pay was $85.00 every two weeks and his total pay for the year 1943 was $2001.00. He was in good health. He spent his time between working hours mostly with his wife and working about his home. The record shows him to have been a devoted husband and a good provider. The Judgment was for $12,000.00.

We find the evidence sufficient to show the earning capacity of the deceased to have been $2001.00 per year.

The judgment is not excessive when measured by the rule laid down in the cases of F. E. C. Ry. Co. v. Foxworth, 45 Fla.

278, 34 So. 270; Loftin, et al., v. Deal, 154 Fla. 489, 18 So. (2nd) 163.

So the judgment is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.